IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

   *Respondent*,

   v.

GARY HOWARD,

   *Petitioner*.

Criminal No. ELH-13-0629
Related Civil No.:  ELH-15-2627

## MEMORANDUM

The self-represented Petitioner, Gary Howard, filed a Motion To Vacate, Set Aside, Or Correct Sentence (ECF 94), along with a Supplement (ECF 102) (collectively, the "Petition").[1] He alleges ineffective assistance of counsel, claiming that his lawyer failed to review video evidence that would have demonstrated Petitioner was not guilty of brandishing a firearm, in violation of 18 U.S.C. § 924(c), an offense to which Petitioner plead guilty.  ECF 94.  In the "Supplement," Petitioner asserts that his "sentence [was] unlawfully and unconstitutionally obtained on a small amount of drugs," and that the amount of drugs involved in the offense was "not enough to trigger the enhancement under 924(e)."  ECF 102.

The government opposes the Petition.  ECF 149.  The opposition is supported by an exhibit.  ECF 151.  Howard has not replied.

No hearing is necessary to resolve the Petition.  For the reasons that follow, I shall deny the Petition.

---

[1] Through the Office of the Federal Public Defender, Howard also filed supplements at ECF 117 and ECF 123.  However, he subsequently dismissed those submissions.  ECF 139. And, the Federal Public Defender does not represent Howard as to the remaining submissions.

**Factual and Procedural History[2]**

In a Superseding Indictment (ECF 27) filed on January 16, 2014, Howard and two others were charged with multiple offenses. In particular, Howard was charged with conspiracy to commit Hobbs Act robbery, under 18 U.S.C. § 1951(a) (Count One); three counts of Hobbs Act robbery (Counts Two, Four, Six); and three counts of possessing and brandishing a firearm in furtherance of a crime of violence, under 18 U.S.C. § 924(c) (Counts Three, Five, Seven).

On June 23, 2014, Petitioner entered a plea of guilty to Counts Two and Three (ECF 52), pursuant to a Plea Agreement. ECF 54; ECF 55. During Petitioner's rearraignment, at which Judge William D. Quarles, Jr. presided, the defendant confirmed that he read and discussed the Plea Agreement with his attorney; that he understood the terms of the Plea Agreement; that no one had coerced him to plead guilty; and that he was, in fact, guilty of the offenses, as charged. *See* ECF 151 (Transcript). Further, the defendant acknowledged that he was satisfied with his lawyer's representation.

> The following exchange is pertinent, *id.* at 8:
>
> COURT: Have you read and discussed the Superseding Indictment—that is the current pending charge—criminal charges against you? Have you read those charges and discussed them with your lawyer?
>
> DEFENDANT: Yes.
>
> COURT: Has he answered all of your questions?
>
> DEFENDANT: Yes, sir.
>
> COURT: Has he done anything you told him not to do?
>
> DEFENDANT: No.
>
> COURT: Has he refused to do anything that you did ask him to do?

---

[2] The case was originally assigned to Judge William D. Quarles, Jr. It was reassigned to me due to the retirement of Judge Quarles.

DEFENDANT:  No, sir.

COURT:  Are you satisfied with his services?

DEFENDANT:  Yes, sir.

The Plea Agreement contained a factual stipulation.  ECF 54, ¶ 6.  There, the defendant agreed that he participated in at least seven armed commercial robberies.  *Id.* at 9.  All of the stores were 7-Eleven convenience stores.  *Id.* at 9-11.

The Presentence Report ("PSR", ECF 64) reflects that defendant qualified as a career offender.  *Id.* ¶ 78.  For Count Two, he had a final offense level of 29.  He had thirteen criminal history points, which established a criminal history category of VI.  *Id.* ¶ 124.  He also had a criminal history category of VI as a career offender.  *Id.* ¶ 125.  For Count Two, defendant's sentencing guidelines called for a period of imprisonment ranging from 151 to 188 months.  As to Count Three, the guidelines corresponded to the congressionally mandated minimum term of seven years of incarceration, consecutive to any other sentence.

Sentencing was held on September 2, 2014.  ECF 68.  Judge Quarles sentenced Petitioner to 151 months of imprisonment for Count Two and 84 months, consecutive, for Count Three, for a total sentence of 235 months of imprisonment.  ECF 69 (Judgment).  *See also* ECF 149-1 (Sentencing Transcript).

Petitioner filed his initial petition on September 4, 2015.  ECF 94.  The Court granted multiple requests of the government for an extension of time to respond.  ECF 97; ECF 99; ECF 101; ECF 106.  On March 4, 2016, Petitioner filed a "Supplemental Brief" in support of his initial Motion to Vacate.  ECF 102.  The Court subsequently appointed the Federal Public Defender as counsel, and the case was stayed in light of *Johnson v. United States*, 576 U.S. 591 (2015).  *See* ECF 109 - ECF 111.

Additional facts are included, *infra*.

## I. Legal Standards

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). And, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, ___ U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *Pettiford*, 612 F.3d at 280 (citing

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)); *see Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) ("the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence); *United States v. Linder*, 552 F.3d 391 (4th Cir. 2009).

There is no procedural default as to claims concerning ineffective assistance of counsel. Moreover, such claims ordinarily are not litigated on direct appeal. Claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010); *see also United States v. Ladson*, 793 Fed. App'x 202 (4th Cir. Feb. 12, 2020) (per curiam). Generally, such claims are litigated in a § 2255 action, to allow for development of the record. *Massaro v. United States*, 538 U.S. 500, 504-06 (2003); *Ladson*, 2793 Fed. App'x 202.

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

Pursuant to 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case; no hearing is necessary.

**B.**

The Sixth Amendment to the Constitution guarantees a criminal defendant the right to the effective assistance of competent counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 775 (2017). Ineffective assistance of counsel is a well recognized basis for relief under § 2255. *See generally Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010).

To mount a successful challenge under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 687–88. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000); *United States v. Akande*, 956 F.3d 257, 260 (4th Cir. 2020); *United States v. Winbush*, 922 F.3d 227, 229 (4th Cir. 2019); *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017); *United States v. Powell*, 850 F.3d 145, 149 (4th Cir. 2017). First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687; *see Buck*, 137 S. Ct. at 775; *Chaidez v. United States*, 568 U.S. 342, 348 (2013); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Winbush*, 922 F.3d at 229; *Powell*, 850 F.3d at 149; *United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015); *United States v. Dyess*, 730 F.3d 354, 361 (4th Cir. 2013); *Richardson v. Branker*, 668 F.3d 128, 139 (4th Cir. 2012); *United States v.*

*Higgs*, 663 F.3d 726, 735 (4th Cir. 2011); *see, e.g., United States v. Baker*, 719 F.3d 313, 318 (4th Cir. 2013).

The first prong is known as the "performance prong," which relates to professional competence. The petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness," as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688; *see Harrington v. Richter*, 562 U.S. 86, 104 (2011); *Powell*, 850 F.3d at 149. The central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Richter*, 562 U.S. at 88 (quoting *Strickland*, 466 U.S. at 690).

The Supreme Court has said that the "first prong sets a high bar." *Buck*, 137 S. Ct. at 775; *see also Powell*, 850 F.3d at 149. In *Padilla*, the Court stated, 559 U.S. at 371: "Surmounting *Strickland's* high bar is never an easy task." Notably, a "lawyer has discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance.'" *Buck*, 137 S.Ct. at 775 (citation omitted). Consequently, the performance prong is "'difficult'" to establish. *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (quoting *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004)).

To satisfy the high bar, the burden is on the petitioner to establish "'that counsel made errors so serious that his "counsel" was not functioning as the "counsel" guaranteed by the Sixth Amendment.'" *Richter*, 562 U.S. at 88 (quoting *Strickland*, 466 U.S. at 687). Notably, "the *Strickland* standard must be applied with scrupulous care," *Richter*, 562 U.S. at 105, and "the standard of judging counsel's representation is a most deferential one." *Id.* Indeed, "[k]eenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance.'" *Lawrence*, 517 F.3d at 708 (quoting *Strickland,* 446 U.S. at 689); *see Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Richter*, 562 U.S. at 104; *Lee v. Clarke*, 781 F.3d 114, 122 (4th Cir. 2015).

Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Buck*, 137 S. Ct. at 776; *Lafler*, 566 U.S. at 163; *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Strickland*, 466 U.S. at 687. However, a petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. Nor must a court address both components if one is dispositive. *Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015). This is because failure to satisfy either prong is fatal to a petitioner's claim. As a result, "there is no reason for a court...to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

The Sixth Amendment right to counsel extends to the plea-bargaining process. *McMann v. Richardson,* 397 U.S. 749, 771 (1970). But, the prejudice prong of the *Strickland* test is slightly modified. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In *Hooper*, the

Fourth Circuit described a defendant's burden in the context of a post-guilty plea claim of ineffective assistance of counsel and said, *id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)):

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Accord Burket v. Angelone,* 208 F.3d 172, 189 (4th Cir. 2000); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1294–99 (4th Cir. 1992). Moreover, when a criminal defendant claims ineffective assistance of counsel after pleading guilty, he is "bound," absent clear and convincing evidence to the contrary, "by the representations he made under oath during a plea colloquy." *Fields*, 956 F.2d at 1299; *see Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977); *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

In *Hill*, 474 U.S. 52, the Supreme Court explained that, "where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness [and intelligence] of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). And, as noted, in assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

*Hooper*, 845 F.2d 471, provides guidance. In that case, the defendant, who had a history of mental illness, pled guilty in a Virginia court to second-degree murder. *Id.* at 472. However, his lawyers failed to obtain a psychiatric evaluation before the defendant's entry of the guilty plea. *Id.* Hooper subsequently filed a habeas corpus petition, which the district court denied. On appeal, the Fourth Circuit noted that the "burden is on Hooper to establish a reasonable

probability that if his lawyers had obtained a psychiatric report, he would have rejected the plea agreement" and gone to trial. *Id.* at 475.

The Fourth Circuit examined a psychiatric report obtained after the guilty plea against the background of the circumstances Hooper faced at the time he decided to plead guilty. The Court was not persuaded that the report provided evidence sufficient to establish a reasonable probability that Hooper would have declined the plea agreement and gone to trial, even if his counsel had obtained a psychiatric report at the time. *Id.* at 475-76. Although the Court concluded that the failure to obtain a psychiatric report fell below the objective standard of reasonableness established by *Strickland*, it was satisfied that Hooper was not prejudiced because there was no reasonable probability that the deficiency changed the outcome of the proceeding. *Id.*

## III. Discussion

Petitioner asserts that his lawyer's representation was objectively unreasonable because counsel failed to prove Petitioner's actual innocence. According to petitioner, his attorney failed to review and present certain video footage that would have proved Petitioner did not brandish a firearm, in violation of 18 U.S.C. § 924(c). ECF 94. But, petitioner did not plead guilty to brandishing a firearm. Although he pleaded guilty to the violation of 18 U.S.C. § 924(c), the conduct that gave rise to that charge and conviction was defendant's *knowledge of* his co-conspirator's intent to brandish a firearm. The Statement of Facts provided, ECF 54 at 11: "The Defendant admits that the use and brandishing of a firearm during each of the robberies listed above was reasonably foreseeable to him and in furtherance of the conspiracy. The Defendant further admits that he knew, prior to each robbery, that a firearm would be brandished during the robbery."

Moreover, petitioner admitted his guilt under oath. *See* ECF 151 at 14:21 – 17:9 (admitting to the conduct outlined in the stipulation of facts in the plea agreement). Thus, as the government puts it, ECF 149 at 5: " Petitioner's argument that his counsel failed to review and present evidence that would have demonstrated he did not *personally* brandish a firearm has no bearing on Petitioner's conviction or sentence, and Petitioner cannot now attempt to withdraw his guilty plea and contradict his prior sworn statements." (citing *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005)) ("[A] district court should . . . dismiss any 2255 motion that necessarily relied on allegations that contradict the sworn statements.").

Significantly, defense counsel addressed certain video footage of the robberies at sentencing, which showed that Petitioner was not the one who brandished a firearm. *See* ECF 149-1 (Sentencing Transcript). Counsel said, *id.* at 8: "[A]ll of the video which was supplied to us by the Government clearly indicates that Mr. Howard did not brandish—personally brandish a firearm, that the firearms were brandished by the two co-defendants who have yet to come in for sentencing." Thus, his lawyer made the Court aware of the fact that Howard did not personally wield the weapon. But, as to both Count Two and Count Three, defendant was charged as an aider and abetter under 18 U.S.C. § 2. Thus, even if Howard did not personally wield the weapon, he was legally culpable for the conduct of his codefendant.[3]

Moreover, even assuming an error of counsel, there is no basis to conclude that, in the face of the seemingly overwhelming evidence of guilt, defendant likely would have chosen to go to trial, but for the alleged errors of counsel. *See Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1965 (2017); *Akande*, 956 F.3d at 264; *United States v. Swaby*, 855 F.3d 233, 244

---

[3] Of course, the Court could consider at sentencing that defendant did not wield the weapon. But, in terms of guilt, this fact would not exonerate him.

11

(4th Cir. 2017).

As to the "Supplement" (ECF 102), petitioner claims his sentence was unlawfully enhanced under 18 U.S.C. § 924(e) based on "a small amount of drugs." But, as the government points out, ECF 149 at 8-9, "[t]he ACCA 'enhancement' with which Petitioner takes issue was never applied to his sentence. An ACCA enhancement was not discussed during Petitioner's Re-Arraignment Hearing; an ACCA enhancement was not addressed during Petitioner's Sentencing Hearing; and Petitioner was not even eligible for an ACCA enhancement because he was not convicted for violation of 18 U.S.C. § 922(g)."

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[4] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

---

[4] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.


Date: September 1, 2020                  /s/
                                                                               Ellen L. Hollander
                                                                               United States District Judge